IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ENRIQUE AVINA as Parent and Guardian of ▮▮▮▮▮▮▮▮, a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF MILWAUKEE, WISCONSIN, TODD BOHLEN, MIKE ROHDE, POLICE CHIEF EDWARD FLYNN and FIRE AND POLICE COMMISSION, MILWAUKEE POLICE DEPARTMENT and DOES 1-100<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO.<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### PLAINTIFFS' AMENDED PETITION

COMES NOW Enrique Avina as guardian and parent of ▮▮▮▮▮▮▮▮, (collectively referred to herein as "Plaintiffs") and complains of the City of Milwaukee, Wisconsin ("Milwaukee"), Chief of Police Edward A. Flynn ("Chief Flynn"), Officer Todd Bohlen ("Officer Bohlen"), Officer Mike Rohde ("Officer Rohde"), for causes of action showing:

### I.    NATURE OF THE ACTION

1.     This is an action brought by Enrique Avina et al. against the City of Milwaukee, Wisconsin, Chief of Police Flynn, Officer Bohlen, and Officer Rohde, and the Milwaukee Police Department for their collective and individual use of excessive force, assault, unlawful arrest and detention of Plaintiffs, and malicious prosecution in

PLAINTIFFS' PETITION                                                                                                                                  PAGE 1
Case 2:13-cv-00421-CNC    Filed 08/05/13    Page 1 of 14    Document 15

violation of their Fourth, Fifth and Fourteenth Amendments of the United States Constitution and actions under the color of law in violation of their civil rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2). Plaintiffs also bring claims against Defendants for engaging in racial profiling calculated to interfere with their right to equal protection under the United States Constitution. Furthermore, Plaintiffs bring claims against the City of Milwaukee and the Milwaukee Police Department and the Police Chief for failure to properly train its police officers, the named officers especially, regarding the particulars hereafter alleged.

## II.     PARTIES

2.     Plaintiff Enrique Avina, is a citizen of the United States and a resident of Milwaukee, Wisconsin for longer than six months.

3.     Plaintiff ▮▮▮▮▮▮▮▮, a minor, (hereinafter referred as Minor) is a citizen of the United States and a resident of Milwaukee, Wisconsin for longer than six months.

4.     Defendant, the City of Milwaukee, is a municipality located in Milwaukee County, Wisconsin. The City of Milwaukee operates the Milwaukee Police Department ("MPD"). Defendant Chief of Police Flynn is a resident of Milwaukee County, Wisconsin, and at all times material herein was a police officer acting in the course and scope of his employment for the City of Milwaukee as a police officer and Chief of Police.

5.     Defendant Todd Bohlen is a resident of Milwaukee County, Wisconsin, and at all times material herein was a police officer acting in the course and scope of his employment for the City of Milwaukee.

6.     Defendant Mike Rohde is a resident of Milwaukee County, Wisconsin, and at all times material herein was a police officer acting in the course and scope of his

employment for the City of Milwaukee.

7.  Defendant Fire and Police Commission is a municipality or government entity of Milwaukee County, Wisconsin, and at all times material herein was the agency supervising the discipline actions, hiring, and termination of police officers acting in the course and scope of her employment for the City of Milwaukee.

8.  Defendant Milwaukee Police Department is a municipality or government entity of Milwaukee County, Wisconsin, and at all times material herein was a police department acting in the course and scope of its employment for the City of Milwaukee.

9.  The defendants, Chief Flynn, Officer Bohlen, and Officer Rohde, was directly involved in the incidents alleged in this complaint, acting as a law enforcement official under the color of law. The defendants, Chief Flynn, Officer Bohlen, and Officer Rohde are named in their personal capacity for purposes of monetary damages and in their official capacity for purposes of attorney's fees under 42 U.S.C. § 1988.

### III.   JURISDICTION & VENUE

10. This is a civil rights action brought under, inter alia, the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2), to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiffs by constitutional and statutory provisions. Plaintiffs also allege claims under the laws of the State of Wisconsin.

11. This court has original jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1331 and 1343, as the action is one for damages arising under the United States Constitution and other federal laws providing remedies for deprivations of the rights and privileges of citizens of the United States.

12. Venue is proper because the causes of action occurred within the Eastern District of Wisconsin. This Court has venue in this action pursuant to 28 U.S.C. § 1391

(b), as the actions giving rise to this action all occurred within this judicial district.

## IV. BACKGROUND

13. Plaintiffs would show that at all times material hereto including specifically on November 1, 2012, Defendants Chief Flynn, Officer Bohlen, and Officer Rohde, were acting individually and in concert each with the other in the scope of their employment as agents, servants, and employees of Defendant City of Milwaukee within its executive branch and were performing a governmental function. Plaintiffs would further show that Defendants' actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures given by Chief of Police Flynn for which the City of Milwaukee knew or should have known but never provided the requisite and proper training.

14. The below described incidents occurred at South Division High School and in the vicinity of 14th, 15th, 16th, 17th and Lapham Streets.

## V. CIVIL RIGHTS ACTIONS

15. The allegations made in the preceding paragraphs are incorporated by reference, as necessary.

16. Racial Profiling: Plaintiffs would show that the Defendants on November 1, 2012 clearly and wrongfully used race as a factor, a proxy, for reasonable suspicion and using excessive force on Plaintiff E. A., a minor Additionally, Plaintiffs would show that it is the policy of the Milwaukee Police Department to treat Hispanics in a cruel manner regardless of the circumstances or the need to. The facts show that there was no probable cause for Plaintiff Minor's arrest and that at the time of issuing the citation for trespassing the Plaintiff Minor had heeded the warning to leave and was in the middle of the city street. In fact, Plaintiffs would show that the excessive force used by Defendants on November 1, 2012 was not reasonable nor was it necessary as the Plaintiff Minor was

on a public street riding his bike home as requested. To this date, the Plaintiff Minor has not been formally charged with any criminal act, and the municipal citation against the Plaintiff Minor was dismissed. On or about November 1, 2012, Defendants Chief Flynn, Officer Bohlen, and Officer Rohde were working as officers at or in the area of South Division High School and treated Plaintiff in the manner they did because they were Hispanic. The poor treatment of Hispanics by the Milwaukee Police force, mainly the Defendant Officers, is a well-known fact in Milwaukee, Wisconsin. Plaintiffs would show that Defendants actions were in violation of the Constitutional Right to the Equal Protection of the law and are strictly liable to Plaintiff.

17. Plaintiff would further show that on or about November 1, 2012 Defendants Chief Flynn, Officer Bohlen, and Officer Rohde denied Plaintiff the rights to be free from cruel, unusual and excessive punishment, right of equal protection, and deprived them of due process of law, in violation of the Fourth and Fifth Amendment to the United States Constitution as incorporated to the states by the Fourteenth Amendment. On or about November 1, 2012, the Defendant officers acted individually in concert and conspiratorially under the color of law to deprive Plaintiffs of their civil rights, privileges or immunities secured by the Constitution and laws pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2). Plaintiffs would show that on November 1, 2012 Defendant officers were acting within established wrongful and reckless customs, policies, practices and/or procedures of the City of Milwaukee at the time of the incident and further that the City of Milwaukee knew or should have known of these said malicious customs, policies, practices and/or procedures but provided neither remediation nor training. Plaintiffs would further show that as a result of these violations of their rights, Plaintiff Minor has suffered damages within the jurisdictional limits of this court.

## VI. **<u>EXCESSIVE FORCE</u>**

18. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiffs would show that Defendant Officers' actions on November 1, 2012 the occasion in question were wrongful and constituted gross negligence in depriving Plaintiffs of their constitutional rights, as alleged more fully below.

19. Plaintiffs would show that at all times material hereto, Defendants had a duty to avoid infliction of unjustified bodily injury to Plaintiff Minor, to protect Plaintiff Minor's bodily integrity and to not trample on Plaintiff Minor's constitutional rights.

20. Plaintiffs would show that Defendants Chief Flynn, Officer Bohlen, and Officer Rohde failed to act as reasonable police officers would have acted in the same or similar circumstances on November 1, 2012. That is, Defendant officers, without justification and the need to do so disabled, and used excessive force as described above and arrested Plaintiff without probable cause, even though Plaintiff never made any threatening gestures and fully complied with Defendants Police Chief Flynn, Officer Bohlen, and Officer Rohde's requests. Defendant Rohde essentially used the excessive force causing the Plaintiff's arm to break and Defendants' actions were clearly a sham in order to justify, their racial profiling, and their subsequent false arrest of Plaintiffs.

21. Plaintiffs would further show that on November 1, 2012 the Defendant officer twisted the Plaintiff Minor's arm causing great pain until it broke. Additionally, The Defendant officers attacked Minor for no lawful reason. The excessive force used by the Defendant Officers was not reasonable nor was it necessary under the circumstances.

22. Furthermore, on November 1, 2012 the Defendant officers, took the Plaintiff to the hospital and misrepresented to the medical professionals how Plaintiff broke his arm potentially causing a delay in his treatment or a misdiagnosis. As a result of the incident, Minor suffered multiple bruises and a broken arm.

23. Plaintiffs would show that on November 1, 2012 Defendants Chief Flynn, Officer Bohlen, and Officer Rohde denied Minor the rights to be free from cruel, unusual and excessive punishment, and to be free from deprivation of their rights without due process of law, in violation of the Fourth and Fifth Amendments to the United States Constitution as incorporated to the states by the Fourteenth Amendment. Plaintiffs would show that Defendants were acting within custom, policy, practice and/or procedure of the City of Milwaukee at the time of the incident. Plaintiffs would further show that as a result of these violations of their rights, Plaintiff Minor has suffered damages within the jurisdictional limits of this court.

24. The force used by the Defendant officers was unnecessary and unreasonable under the circumstances, as the Plaintiffs' conduct did not require the use of such excessive force. The Plaintiff was leaving the area on a public street when the Defendants for no lawful reason attacked him. The Defendant officers had no probable cause to suspect that a crime was being committed or that their conduct was reasonable.

## VII. FALSE ARREST

25. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiffs would show that Defendants' actions on November 1, 2012 were objectively unreasonable and done in bad faith in that Defendant officers arrested Minor for trespassing without probable cause to think that Minor had committed the crime of which Plaintiffs were accused at the time of the arrest. Plaintiff Minor had been requested to leave the property orally of South Division High School, and left the property without incident. Plaintiff Minor is a student at South Division High School. Plaintiff Minor was arrested on public property, and was riding his bicycle to his home when he was stopped. The municipal citation against Plaintiff was dismissed. Plaintiff would further show that they have suffered damages

within the jurisdictional limits of this court from their wrongful arrest and that such arrest was done under color of law. Plaintiff would show that Defendant officers were acting within custom, policy, practice and/or procedure of the City of Milwaukee at the time of the incident. Plaintiffs would additionally show that such wrongful arrest was done in violation of Plaintiffs' rights under the Fourth and Fifth Amendments of the United States Constitution, as incorporated to the states by the Fourteenth Amendment, and that Plaintiffs have suffered damages within the jurisdictional limits of this court as a result of these violations of their rights.

## VIII. <u>MALICIOUS PROSECUTION</u>

26. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiff would show that Defendants on November 1, 2012 caused criminal municipal charges to be filed against Plaintiff Minor, and that Defendants did so knowing that such charges were baseless. Plaintiffs would show that Defendant officers were acting within custom, policy, practice and/or procedure of the City of Milwaukee at the time of the incident. Plaintiffs would further show that they have suffered damages within the jurisdictional limits of this court from such malicious prosecution, and that Plaintiffs have suffered violations of their rights under the Fourth and Fifth Amendments of the United States Constitution, as incorporated to the states by the Fourteenth Amendment.

## IX. <u>NEGLIGENT FAILURE TO TRAIN AND DISCIPLINE</u>

27. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiffs would show that at all times material hereto including on or about November 1, 2012, Defendant City of Milwaukee's Police Department lacked guidelines both to restrict the use of force, or, if such guidelines existed, they were grossly inadequate to ensure the proper and restrained

use of force by police personnel.

28. Plaintiffs would show that Milwaukee Police Chief Flynn endorsed the unfettered use of force, even in situations where no crime was committed. Plaintiffs would show that Defendant Milwaukee's failure to properly train, supervise, test, regulate, discipline or otherwise control its employees and the failure to promulgate proper guidelines for the use of force, as confirmed by former police officers, constitutes a custom, policy, practice and/or procedure in condoning unjustified use of force in violation of the constitutional rights of Plaintiffs. Furthermore, Defendant City of Milwaukee's failure to properly train, supervise, test, regulate, discipline or otherwise control its employees serves to condone the improper behavior previously alleged. As a result of this failure to train and discipline, Plaintiffs have suffered damages within the jurisdictional limits of this court. As described above, on November 1, 2012 Officer Rohde twisted the arm of Plaintiff until it broke while Defendant was placing Plaintiff in handcuffs.

## X. NEGLIGENT RETENTION

29. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiff would show that the City of Milwaukee and the Fire and Police Commission violated their rights by failing to restrict Chief Flynn, Officer Bohlen, and Officer Rohde when they were aware that 1) the officers inappropriately used force on prior occasions, 2) the officers had been given instructions on how to treat Hispanics poorly, and 3) other acts relating to wrongful conduct unbecoming a police officer. A notice of claim was filed, and no response was sent to the notice of claim. Despite these instances of misconduct, the City of Milwaukee assigned these officers to continue their office in their same capacity. Defendant City of Milwaukee's actions or inactions constituted a custom, policy, practice and/or procedure

PLAINTIFFS' PETITION PAGE 9
Case 2:13-cv-00421-CNC  Filed 08/05/13  Page 9 of 14  Document 15

to continue the employment of unfit officers. As a result, Plaintiff Minor was injured by the Defendant officers and has suffered damages within the jurisdictional limits of this court.

## XI. CIVIL RIGHTS DAMAGES

30. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. As a direct and proximate result of the actions of Defendants, Plaintiffs have suffered physical injury, physical pain and suffering, mental anguish, severe emotional distress, loss of reputation and embarrassment damages within the jurisdictional limits of this court.

## XII. WISCONSIN TORT CLAIMS ACT ACTIONS

31. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiffs would show that the City of Milwaukee is liable for the negligent use or non-use of tangible property. Plaintiffs would show that Defendant City of Milwaukee failed to implement the use of audio and/or video recording to document use of force issued to its police officers. The failure to use this equipment prevented scrutiny of officers' actions, which, in turn, allowed the undocumented infliction of serious physical injury to Plaintiff. As a result of Defendant City of Milwaukee's negligence, Plaintiff has suffered damages within the jurisdictional limits of this court.

32. As a direct and proximate result of the actions of Defendant City of Milwaukee, on November 1, 2012 Plaintiff Minor has suffered physical injury, physical pain and suffering, mental anguish, severe emotional distress, and embarrassment damages within the jurisdictional limits of this court.

PLAINTIFFS' PETITION PAGE 10
Case 2:13-cv-00421-CNC   Filed 08/05/13   Page 10 of 14   Document 15

## XIII. INTENTIONAL TORTS OF CHIEF FLYNN, OFFICER BOHLEN, AND OFFICER ROHDE

33. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiffs would show if on November 1, 2012 Defendants Chief Flynn, Officer Bohlen, and Officer Rohde were acting in their individual capacity, then they committed the following intentional torts against Plaintiffs:

    a. Assault and Battery;

    b. False Imprisonment; and

    c. Malicious Prosecution

As a direct and proximate result of the actions of Defendant officers, Plaintiff Minor has suffered physical injury, physical pain and suffering, mental anguish, severe emotional distress, and embarrassment damages within the jurisdictional limits of this court.

## XIV. PUNITIVE/EXEMPLARY DAMAGES

34. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, the conduct of Defendants Chief Flynn, Officer Bohlen, and Officer Rohde was done with malice. As such, Plaintiffs request punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Plaintiffs' rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiffs request punitive and exemplary damages be awarded against Defendants in a sum which is within the jurisdictional limits of this court.

## XV. COSTS AND ATTORNEY FEES

35. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiffs request the Court to award costs and attorney fees incurred both in defense of the false charges brought by Defendants and in Plaintiffs' prosecution of this litigation.

## XVI. JOINT AND SEVERAL LIABILITY

36. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiffs would show that Defendants named in this suit were jointly and severally liable for the negligence and gross negligence, which was the proximate cause of Plaintiffs' injuries.

## XVII. CONDITIONS PRECEDENT

37. Plaintiffs reserve the right to plead and prove the damages to which they are entitled to at the time of trial. All conditions to Plaintiffs recovery have been performed or have occurred.

## XVIII. TRIAL BY JURY

38. Plaintiffs have paid a jury fee and demands trial by jury.

## XIX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiffs have and recover judgment from Defendants; pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show herself justly entitled.

Respectfully submitted,

Dated: April 10, 2013

Attorneys for Petitioner
Law Offices of Verona Swanigan

By:__/s/___*Verona Swanigan*_____
  Verona Swanigan, Esq.
  State Bar No. 1086453

<u>P. O. ADDRESS</u>:
2228 W. Wells St.
Milwaukee, WI 53233
(866) 603-5239

Subscribed and sworn to before me
this _____ day of _____, 20___

_____
Notary Public, Milwaukee, County, WI
My Commission expires on_____.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel for Defendants or the Defendants as listed below in accordance with the Federal Rules of Civil Procedure on this _____th day of April, 2013.

_____